IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| AMANDA LUCARINO | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:09-cv-2548 |
| | § | |
| CON-DIVE, LLC; | § | |
| CON-DIVE, LLC D/B/A | § | |
| CON-DIVE TRINIDAD, LTD.; | § | |
| OSA INTERNATIONAL, LLC; | § | |
| AMADO OMAR YANEZ OSUNA; | § | |
| MINDY KAY; | § | |
| CON-DIVE, LLC N/K/A | § | |
| OCEANOGRAFIA, S.A. DE C.V.; | § | JURY TRIAL DEMANDED |
| AND R. CLAY ETHERIDGE, | § | |
| Defendants. | § | |

**DEFENDANT OSA INTERNATIONAL, LLC'S MOTION TO DISMISS UNDER RULES 12(b)(4) and 12(b)(5) OR, IN THE ALTERNATIVE, RULE 12(b)(6) MOTION TO DISMISS, AND BRIEF IN SUPPORT**

Pursuant to Federal Rules of Civil Procedure 12(b)(4), 12(b)(5) and 12(b)(6), Defendant OSA International, LLC ("Defendant OSA") submits this Motion to Dismiss the claims and causes of action alleged in the Original Complaint of Plaintiff Amanda Lucarino ("Plaintiff"), and in support thereof shows the following:

**I.  STATEMENT OF NATURE AND STAGE OF PROCEEDINGS**

On January 30, 2008, Plaintiff filed a charge of employment-related sex discrimination, harassment, and retaliation with the U.S. Equal Employment Opportunity Commission ("EEOC"). Plaintiff subsequently amended her charge on April 4, 2008, and the EEOC issued her a Notice of Right to Sue letter on May 11, 2009. Ninety days later,

on August 10, 2009, Plaintiff filed this lawsuit in the United States District Court for the Southern District of Texas, Houston Division, asserting claims against her former employer, Con-Dive LLC, as well as Con-Dive Trinidad, Ltd., OSA International, LLC, Amado Omar Yanez Osuna, Mindy Kay, Oceanografia, S.A. de C.V., and R. Clay Etheridge, for violations of Title VII of the Civil Rights Act of 1964, the Texas Commission on Human Rights Act ("TCHRA"), and the Equal Pay Act of 1963 ("EPA"). Plaintiff filed an additional claim against Etheridge only, for assault based on his alleged tortious conduct directed at Plaintiff. Defendant OSA now moves to dismiss Plaintiff's claims against it under Rule 12(b)(4) and 12(b)(5) or, in the alternative, under Rule 12(b)(6), which consists only of claims under Title VII, the TCHRA and the EPA.[1]

## II. STANDARD OF REVIEW AND STATEMENT OF ARGUMENT

### A. Rules (12)(b)(4) and (12)(b)(5)

Rules 12(b)(4) and 12(b)(5) require courts to dismiss claims against a defendant if the defendant has not been properly served with process. *See* FED. R. CIV. P. 12(b)(4) & (5).[2] "The core function of service of process is to supply notice of the pendency of a legal action, in a manner and at a time that affords the defendant a fair opportunity to answer the complaint and present defenses and objections." *Henderson v. United States*, 517 U.S. 654, 671 (1996). "[O]ne becomes a party officially, and is required to take action in that capacity, **only upon service of a summons** or other authority-asserting

---

[1] To the extent Plaintiff's assault claim is somehow alleged against Defendant OSA along with Etheridge, Defendant OSA also seeks dismissal of this claim, as well. *See infra*, Section III(B).

[2] Due to confusion between insufficient process under Rule 12(b)(4) and insufficient service of process under Rule 12(b)(5), it is appropriate to present service issues under both rules. *See Adams v. AlliedSignal Gen. Aviation Avionics*, 74 F.3d 882, 884 n.2 (8th Cir. 1996).

2

measure stating the time within which the party served must appear and defend." *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999) (emphasis added). Consequently, "[b]efore a federal court may exercise jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied." *Omni Capital Int'l v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987). As will be shown below, the requirement of proper service of summons has not been satisfied, and the Court must dismiss the action as to Defendant OSA for lack of proper jurisdiction over Defendant OSA.

**B.     Rule 12(b)(6)**

A claim should be dismissed under Rule 12(b)(6) when the plaintiff has not alleged "enough facts to state a claim to relief that is plausible on its face" and has failed to "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007); *True v. Robles*, 571 F.3d 412, 417 (5th Cir. 2009). In ruling on a Rule 12(b)(6) motion, the Court must accept the facts pleaded as true and view them in a light most favorable to the plaintiff. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000). A plaintiff, however, "must plead specific facts, not mere conclusory allegations," and "[d]ismissal is proper if the complaint lacks an allegation regarding a required element necessary to obtain relief." *Id.* at 498; *Blackburn v. City of Marshall, Tex.*, 42 F.3d 925, 931 (5th Cir. 1995); *see also Tuchman v. DSC Commc'ns, Corp.*, 14 F.3d 1061, 1067 (5th Cir. 1994) (noting that plaintiffs cannot rely on "conclusory allegations or unwarranted deductions of fact" to plead their cases). As will be shown below, Plaintiff has not pleaded any specifics as to how Defendant OSA is

allegedly liable to Plaintiff, which is supportable by a legal cause of action; therefore, the Court should dismiss Plaintiff's claims as to Defendant OSA.

C. **Summary of Argument**

In this case, Defendant OSA should prevail on its Motion to Dismiss under Rules 12(b)(4) and 12(b)(5) because:

- Defendant OSA was not properly served with process in accordance with Federal Rule of Procedure 4(a).

Further and/or alternatively, assuming Defendant OSA is determined to have been properly served with process, Defendant OSA should prevail on its Rule 12(b)(6) Motion to Dismiss because:

- Contrary to the pleading requirements of Federal Rule of Civil Procedure 8, Plaintiff failed to offer a "short and plain statement" alleging any wrongdoing by Defendant OSA, but instead lumped Defendant OSA in with a group of "Defendants"—without alleging any facts in the Complaint as to why it was proper to lump the various entities and individuals together as "Defendants" or "Defendant"—and made conclusory, blanket allegations against that group.

- Importantly, Defendant OSA was formed after Plaintiff's employment terminated and after she filed her charge of discrimination with the EEOC.

### III. ARGUMENT AND AUTHORITIES

A. **Defendant OSA Has Not Been Properly Served With Process In This Lawsuit**

According to Rule 4(a) of the Federal Rules of Civil Procedure, a summons must "be directed ***to the defendant*** . . . ." *See* FED. R. CIV. P. 4(a)(1)(B) (emphasis added). In order for a defendant to be served through its registered agent, the summons must be

4

directed to the defendant and not to the agent. *See LeDonne v. Gulf Air, Inc.,* 700 F. Supp. 1400, 1412-13 & n.24 (E.D. Va. 1988). In *Gulf Air*, the court stated:

> "It is also worth noting that the summons served on C.T. Corporation for Aviation Services ***was not directed in any way to Gulf Air or even to Aviation Services as an agent for Gulf Air***. Under Rule 4 of the Federal Rules of Civil Procedure, the summons must, *inter alia,* "be directed to the defendant" in order to be valid. Rule 4(b), Fed. R. Civ. P. Thus, even if Aviation Services were Gulf Air's agent for service purposes, ***service on Aviation Services of a summons directed only to Aviation Services would be insufficient to constitute service on Gulf Air.***"

*Id.* (emphasis added).

Defendant OSA has not been properly served with process in this lawsuit. Though Defendant Mindy Kay ("Kay") was served with a summons and Plaintiff's Complaint, and Kay is Defendant OSA's registered agent for service of process in Texas,[3] the summons was directed to Kay in her individual capacity and made no mention of Defendant OSA. *See* "Summons," attached hereto as <u>Exhibit B</u>.[4] Service to Defendant OSA cannot be accomplished by a summons which only names Kay, its registered agent, individually. *See Gulf Air,* 700 F.Supp. at 1412-13 & n.24. Therefore, Defendant OSA has not been properly served with process in this matter, and should be dismissed for insufficient service of process in accordance with Rules 12(b)(4) and 12(b)(5).

---

[3] *See* Certified Copy of "Statement of Change of Registered Office/Agent" Form, attached hereto as <u>Exhibit A</u>. In accordance with the Hon. Judge Nancy F. Atlas' Court Procedures, Rule 7(B), Defendant OSA has filed <u>Exhibit A</u> separately in an appendix to this Motion, entitled "Appendix to Defendant OSA International LLC's Motion to Dismiss Under Rules 12(b)(4) and 12(b)(5) or, In the Alternative, Rule 12(b)(6) Motion to Dismiss." A defendant may attach affidavits and other evidence to 12(b)(4) and 12(b)(5) Motion to Dismiss in order to support its allegations. *See Trustees of Cent. Laborers' Welfare Fund v. Lowery*, 924 F.2d 731, 732 n.2 (7th Cir. 1991).

[4] In accordance with the Hon. Judge Nancy F. Atlas' Court Procedures, Rule 7(B), Defendant OSA has filed <u>Exhibit B</u> separately in an appendix to this Motion, entitled "Appendix to Defendant OSA International LLC's Motion to Dismiss Under Rules 12(b)(4) and 12(b)(5) or, In the Alternative, Rule 12(b)(6) Motion to Dismiss."

5

**B.    No "Short and Plain Statement" of Defendant OSA's Alleged Wrongdoing Requires Dismissal of OSA Pursuant to Rule 12(b)(6)**

Further and/or alternatively, if Defendant OSA is held to have been properly served with process, Plaintiff's claims against Defendant OSA should be dismissed for failure to state a claim upon which relief can be granted.

In most cases, and specifically in the employment discrimination context, Federal Rule of Civil Procedure 8 requires a plaintiff's complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 508 (2002) (quoting FED. R. CIV. P. 8(a)(2)); *see also Tuchman*, 14 F.3d at 1067. At the very least, the complaint must "give [each] defendant fair notice of what the plaintiff's claim is *and the grounds upon which it rests*." *Swierkiewicz*, 534 U.S. at 512 (internal citation omitted, emphasis added); *see also* Wright & Miller, *Federal Practice and Procedure: Civil 3d* § 1248 ("Actions brought against multiple defendants must clearly specify the claims with which each individual is charged."). The United States Supreme Court found that complaints containing "unadorned, the-defendant-unlawfully-harmed-me accusations" are insufficient, as are those that offer "naked assertions devoid of further factual enhancement." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citing *Twombley*, 550 U.S. at 555, 557 (internal quotation marks omitted)). On its face, the complaint must allow the Court to draw a reasonable inference that the defendant is liable for each allegation. *Id.*

Nowhere on the face of Plaintiff's 274-paragraph Complaint does any statement—short, plain, or otherwise—explain the grounds upon which Defendant OSA is allegedly

6

liable to Plaintiff. In a conclusory opening paragraph, Plaintiff lumps Defendant OSA in with a group collectively dubbed "Con-Dive," "Defendants" or "Defendant." *See* Complaint at page 1. Plaintiff then makes naked assertions that "Defendants" harmed her in various ways during her employment, but fails to allege any facts to indicate that Defendant OSA played a role in such harms. Further, Plaintiff does not allege any facts to support an inference that Defendant OSA was her "employer" or had any influence or control over the employment actions which gave rise to Plaintiff's Title VII, TCHRA, or EPA claims. *See* Complaint at ¶¶ 12, 14; Complaint at ¶ 147 (naming Plaintiff's termination date as Nov. 12, 2007). In fact, and as explained in more detail in Section III(C), Defendant OSA did not exist until well after all conduct upon which Plaintiff bases her claims took place including her termination—November 12, 2007, the date she filed her initial charge of discrimination—January 30, 2008, and the date she amended her charge of discrimination—April 4, 2008. *See* Complaint at ¶¶ 13, 23-24, 147. Moreover, Plaintiff's assault claim accuses only Etheridge of wrongdoing, and does not allege facts to support an inference that Defendant OSA was also liable. Complaint at ¶¶ 252-64.

Plaintiff has failed in her duty under Rule 8(a)(2)'s pleading requirements, offering only conclusory allegations unsupported by facts, and leaving Defendant OSA without any idea as to the grounds upon which it is accused and how it is somehow liable for alleged conduct that admittedly all occurred before Defendant OSA was ever formed. Therefore, this Court should dismiss Plaintiff's claims against Defendant OSA in their entirety in accordance with Rule 12(b)(6).

7

## C. Defendant OSA Did Not Exist During the Time Period in Which Plaintiff's Claims Arose

The Complaint fails to state a claim against Defendant OSA—establishing it is not a proper party to this lawsuit—because Defendant OSA did not exist during Plaintiff's employment, nor had it been formed when Plaintiff filed and amended her charge of discrimination with the EEOC in January 2008 and April 2008, respectively. Plaintiff asserts in her complaint that she was hired by "Defendant" on March 19, 2007 and terminated on November 12, 2007. *See* Complaint at ¶¶ 27 and 147. Plaintiff, however, does not specifically state which "Defendant" hired her, employed her, and/or terminated her. *See id*. Plaintiff further states that she filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") on or about January 30, 2008 and that she amended her charge on April 4, 2008. *See id*. at ¶¶ 23-24. Finally, and most importantly, Plaintiff acknowledges in her complaint that OSA International was formed "in **September 2008**." *See id*. at ¶ 13 (emphasis added). Defendant OSA's Articles of Organization confirm this and more specifically establish that it was formed on September 30, 2008. *See* Articles of Organization, OSA International, LLC[5] (showing a filing date of Sept. 30, 2008), Exhibit C.[6] As such, Plaintiff's Complaint demonstrates on

---

[5] The Court can consider matters of public record in connection with a 12(b)(6) motion without converting such motion into one for summary judgment. *See Bank of Abbeville & Trust Co. v. Commonwealth Land Title Ins. Co.*, 201 Fed. Appx. 988, 992 (5th Cir. 2006); *Ratcliff v. Rainwater*, 93 Fed. Appx. 623, 624 (5th Cir. 2004) ("The district court may refer to matters of public record when deciding a Rule 12(b)(6) motion to dismiss."). Organizational documents searchable through the Secretary of State's office are considered to be "public records." *See In the Matter of Crystal Oil Co.*, 158 F.3d 291, 297 (5th Cir. 1998). Therefore, this Court's consideration of OSA's Articles of Organization does not convert this 12(b)(6) motion into a motion for summary judgment.

[6] In accordance with the Hon. Judge Nancy F. Atlas' Court Procedures, Rule 7(B), Defendant OSA has filed Exhibit C separately in an appendix to this Motion, entitled "Appendix to Defendant OSA International LLC's Motion to Dismiss Under Rules 12(b)(4) and 12(b)(5) or, In the Alternative, Rule 12(b)(6) Motion to Dismiss."

its face that Defendant OSA did not exist during the time period in which her claims allegedly arose or when she made/amended her charge of discrimination to the EEOC. In fact, based on the admission made by Plaintiff in her Complaint, there is no way that OSA could have been her employer because it did not exist as a legal entity until 10 months after her employment with Con-Dive, LLC ended, and there are absolutely no allegations on how Defendant OSA is somehow liable for the alleged conduct that took place before it was even formed. Therefore, Plaintiff has failed to state any claims upon which relief can be granted against Defendant OSA, and all of Plaintiff's claims against Defendant OSA should be dismissed in accordance with Rule 12(b)(6).

D.  **No Factual Allegations Have Been Made To Support a Common Law Assault Claim Against Defendant OSA**

An assault claim under Texas common law requires an allegation that one person either caused bodily injury, or threatened to cause imminent bodily injury, to another. *E.g., Hall v. Sonic Drive-In*, 177 S.W.3d 636, 649-50 (Tex. App.—Houston [1st Dist] 2005, pet. denied) (citing the elements of assault from TEX. PEN. CODE ANN. § 22.01(a), and noting that "the elements of assault are the same in both the criminal and civil context"). In this case, Plaintiff's common law assault claim deals exclusively with alleged "unwanted touching" by Etheridge; "Defendants" as a group are not even named or referenced as a responsible party. Complaint at ¶¶ 252-64. In addition, Plaintiff has failed to allege facts that would give rise to a reasonable inference that Defendant OSA either touched or threatened to touch Plaintiff in any way, or that Defendant OSA might be liable in any way for Etheridge's touching of Plaintiff. Therefore, Plaintiff's

9

Complaint lacks a factual allegation as to a key element of assault, and dismissal is proper as to Defendant OSA.

## IV. CONCLUSION

Accordingly, the claims asserted against Defendant OSA in Plaintiff's Original Complaint should be dismissed (a) for improper service of process; and (b) for failure to state a claim upon which relief can be granted. Defendant OSA respectfully requests the Court to dismiss with prejudice the claims asserted against it, and for such other remedies to which Defendant OSA may be entitled, whether in law or equity.

Respectfully submitted,

/s/ Jesus Garcia, Jr.
JESUS GARCIA, JR.
State Bar No. 24027389
Southern District of Texas Bar No. 30623
3400 JPMorgan Chase Tower
600 Travis Street
Houston, Texas 77002
Telephone: (713) 226-1200
Telecopier: (713) 223-3717
jgarcia@lockelord.com

ATTORNEY-IN-CHARGE FOR
OSA INTERNATIONAL, LLC

OF COUNSEL:

LOCKE LORD BISSELL & LIDDELL LLP
DAVID M. GREGORY
State Bar No. 24007274
Southern District of Texas Bar No. 24397
J. MICHAEL ROSE
Texas State Bar No. 24041819
Southern District of Texas Bar No. 36797
3400 JPMorgan Chase Tower
600 Travis Street
Houston, Texas 77002
Telephone: (713) 226-1200
Telecopier: (713) 223-3717

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing document was forwarded to all attorneys of record by certified mail, return receipt requested, and/or through the Court's electronic filing system on this 13th day of October, 2009.

Mr. Joseph Y. Ahmad
**Ahmad, Zavitsanos & Anaipakos, P.C.**
3460 One Houston Center
1221 McKinney Street
Houston, Texas 77010
(713) 655-0062 (Fax)

/s/ Jesus Garcia, Jr.
Attorney for Defendant
OSA International, LLC

HOU:0023380/00000:1421430v1