IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| AMANDA LUCARINO,<br>Plaintiff | § § § | CIVIL ACTION NO. 4:09-cv-2548<br>(HON. LEE ROSENTHAL) |
| VS. | § § § | |
| CON-DIVE, LLC;<br>CON-DIVE, LLC D/B/A;<br>CON-DIVE TRINIDAD, LTD.;<br>AMADO OMAR YANEZ OSUNA;<br>CON-DIVE, LLC N/K/A;<br>OCEANOGRAFIA, S.A. DE C.V.;<br>AND R. CLAY ETHERIDGE.<br>Defendants. | § § § § § § § § § | JURY TRIAL DEMANDED |

### R. CLAY ETHERIDGE'S
### MOTION TO DISMISS UNDER RULE 12(b) (1) and (6)

Pursuant to Federal Rules of Civil Procedure 12(b)(1), and 12(b)(6), Defendant R. Clay Etheridge ("Etheridge") submits this Motion to Dismiss the claims and causes of action alleged in the Plaintiff's Original Complaint (the "Complaint") by Amanda Lucarino ("Plaintiff"), on the following grounds:

### I. STATEMENT OF NATURE AND STAGE OF PROCEEDINGS

#### Structure of Plaintiff's Complaint

#### Parties to the Causes Plaintiff Alleges

(1) Plaintiff sued the parties listed in the caption of this case. Her introductory paragraph defined all of the entities and individuals, except Etheridge, as "Con-Dive," "Defendants" or "Defendant." She separately defined Etheridge as "Etheridge." Plaintiff pleaded five causes of action against parties referred to as "Defendants" or "Defendant."[1] She

---

[1] Paragraph VII (Discrimination on the Basis of Sex, 42 U.S.C.2000e, et seq, "Title VII");

1

did not name Etheridge in any of the first five causes of action. However, she sued him for common law assault under Texas law, not naming any other party in that paragraph of the Complaint. The allegations in the Complaint (Paragraph II (3)-(9)) establish that there is no diversity of citizenship which would create subject matter jurisdiction over the assault claim, which is the only cause alleged against Etheridge. This claim is clearly based exclusively on Texas law, and was not created by any federal law. Plaintiff's jurisdictional allegations cite 28 U.S.C. § 1331 (federal question) and §1367 (supplemental jurisdiction).

### Allegations of Etheridge's Conduct

(2) Paragraph V of the Complaint (Subparagraphs 27 through 205) purports to set out the specific factual allegations on which Plaintiff bases her claims. As noted, she has only sued Etheridge for assault under Texas law, and he is not named in any of the other causes of action. The only conduct Plaintiff alleges in Paragraph V that could possibly be related to the assault cause of action are some general allegations of touching her arms, rubbing her back and "hugging." There are no allegations of touching private areas of the Plaintiff's body, bodily injury, threats of bodily injury or offensive and provocative conduct such as pushing or shoving. Likewise, there are no allegations that he continued to make the physical contacts described,[2] after she asked him to stop.[3]

---

Paragraph VIII (Retaliation under Title VII and §21.00, et seq Texas Labor Code, TCHRA"); Paragraph IX, Sexual Harassment (Title VII and TCHRA); Paragraph X, Hostile Work Environment, (Title VII and TCHRA); Paragraph XI (Violation of the Equal Pay Act (29 U.S.C. §206 (d) "EPA")

[2] See Paragraphs 64-183 of the Complaint

[3] See Paragraphs 252-264 of the Complaint

2

## II. THERE IS NO SUBJECT MATTER JURISDICTION OF THE CAUSE PLAINTIFF ALLEGES AGAINST ETHERIDGE UNDER 28 U.S.C.§1331

(3) The face of the Complaint establishes that the only cause alleged against Etheridge is based on the common law of the state of Texas. The elements of an assault claim in a civil action in Texas are defined by the provisions of the criminal law of assault, Tex. Penal Code §22.01 (Vernon 2004). *WalMart Stores v. Odem*, 928 S.W. 2d 513, 522 (Tex. App.-San Antonio 1996, writ denied); *Childers. v. A.S.*, 909 S.W.2d 282, 292 (Tex. App.-Ft. Worth 1995, writ denied). Federal Question jurisdiction under Section 1331 requires that a case arise under the "Constitution, Laws or Treaties of the United States." The specific allegations in the Complaint defeat subject matter jurisdiction under § 1331. Etheridge neither was, nor for that matter could he have been, named as an individual party to any of the federal Title VII or even state (TCHRA) civil rights causes alleged, or to the EPA claim.

Individuals cannot be liable under Title VII in either their individual or official capacities, *Ackel v. Nat'l Comm'ns, Inc.*, 339 F.3d 376, 381 n.1 (5th Cir. 2003) (affirming district court's dismissal, in a sexual harassment suit, of claims against plaintiff's supervisor and employers' president/corporate board member as individuals); *Smith v. Amedisys, Inc.*, 298 F.3d 434, 448-49 (5th Cir. 2002) (affirming summary judgment of plaintiff's sexual harassment claims against her supervisor and other higher ranking company officers as individuals). This is because, although Title VII's definition of a potentially liable "employer" includes "any agent" of the employer, "Congress's purpose was merely to import *respondeat superior* liability into Title VII." *Smith*, 298 F.3d at 448 (citing 42 U.S.C. § 200e(b)); see also *Indest v. Freeman Decorating, Inc.*, 164 F.3d 258, 262 (5th Cir. 1999) (noting that it is "redundant" to sue both an employer and its agent in his/her official capacity, because "a Title VII suit against [an agent] is actually a suit against the

3

corporation").

Likewise, Etheridge cannot be named as an individual party under the EPA. The EPA defines an "employer" as "any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d). An entity's officer can be individually liable as an "employer" for EPA purposes if, as a matter of economic reality, he or she "effectively dominates [the entity's] administration or otherwise acts, or has the power to act, on behalf of the [entity] vis-á-vis its employees." *Donovan v. Sabine Irrigation Co., Inc.* 695 F.2d 190, 194-95 (5th Cir. 1983), *abrogated on other grounds* (affirming district court's ruling that corporate president *was* an EPA "employer" because he controlled business and financial affairs related to employees (i.e., payroll, insurance and income tax matters, while corporate vice president was not an "employer" and claims against him were properly dismissed because his management authority did not extend to employee-related matters); *see also Chao v. Hotel Oasis, Inc.*, 493 F.3d 26, 34 (1st Cir. 2007) (noting that factors to consider in determining whether corporate officers are individually liable as EPA "employers" include "the individual's ownership interest, degree of control over the corporation's financial affairs and compensation practices, and role in causing the corporation to compensate [or not to compensate] employees in accordance with the FLSA") (internal quotation marks omitted). The allegations in the Complaint are totally devoid of any allegation that Etheridge was an "employer" for the purpose of the EPA.

Plaintiff cannot sue Etheridge under TCHRA. This is because, "[i]t is well established in Texas that an individual cannot be held personally liable under the TCHRA." *Winters v. Chubb & Son*, 132 S.W.3d 568, 580 (Tex. App.-Houston [14th Dist.] 2004, no pet.); *see also Jenkins v. Guardian Indus. Corp.*, 16 S.W.3d 431, 439 (Tex. App.-Waco 2000, pet. denied) holding that summary judgment in favor of a manager was proper because "supervisors and managers are not

4

liable in their individual capacities for alleged acts of discrimination under the TCHRA.")

## III. THERE IS NO SUPPLEMENTAL JURISDICTION OVER ETHERIDGE UNDER §1367 OR IN THE ALTERNATIVE IT SHOULD NOT BE EXERCISED IN THIS CASE

### There Is No Supplemental Jurisdiction Over Etheridge

The provisions of 28 U.S.C. §1367[4] are cited in the Complaint, although the supplemental jurisdiction provisions are not tied to any of the Plaintiff's factual allegations to demonstrate that the cause alleged against Etheridge is "...so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." The foregoing analysis demonstrates that, at most, the allegations against Etheridge involve a personal escapade, and his conduct was not material to the core of Plaintiffs' dispute with the other defendants, which involve actions against parties who are arguably "employers" under the federal and state statutes cited. Etheridge is neither alleged nor shown to be someone who could or did adversely affect the

---

[4]

§ 1367. Supplemental jurisdiction

    (a) Except as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.

\*\*\*

    (c) The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if--

    (1) the claim raises a novel or complex issue of State law,

    (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,

    (3) the district court has dismissed all claims over which it has original jurisdiction, or

    (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

discrimination, retaliation, working conditions, sexual harassment, or pay violations claimed solely against the Plaintiff's employer. The facts of the state assault claim against Etheridge are simply not a part of the core dispute forming the Title VII, EPA and TCHRA claims in which they are "...so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." See *F.D.I.C. v. Howse*, 802 F. Supp. 1554, 1566 (S.D. Tex.. 1992); *Heard v. MTA Metro-North Commuter R. Co.*, 2003 WL 22176008 (S.D. N.Y. 2003) ( Not Reported in F.Supp.2d). In *Howse*, Judge Harmon, in a suit brought by the FDIC seeking judgment against parties not liable under the principal case, declined supplemental jurisdiction, ruling:

> It is not sufficient that the federal and non-federal claims "derive from a common nucleus of operative fact" and are such that a plaintiff "would ordinarily be expected to try them in one judicial proceeding," as required for pendent claim jurisdiction under *United Mine Workers v. Gibbs,* , 383 U.S. 715,725 (1966),
> Id. at 1566.

Judge Harmon held that the underlying federal statute must intend to impose jurisdiction on the state claim defendant:

> Pendent-party jurisdiction, therefore, may not be exercised unless the text of a statute grants, or illustrates an intent to grant, jurisdiction over additional parties.
> Id. at 1566.

Under the 5th Circuit and other precedent cited above, Etheridge is not personally liable under either of the Federal statutes cited, nor under TCHRA. Neither statute creates liability nor extends federal jurisdiction over Etheridge individually in this case, and there is no compelling reason or federal interest to exercise supplemental jurisdiction over him in this civil action.

### In the Alternative, This Court Should Exercise Its Discretion To Decline to Exercise Any Supplemental Jurisdiction It Finds

This Court is given discretion to decline to exercise any supplemental jurisdiction it finds

under § 1367 (c) (1)-(4). Whatever part, if any, Etheridge may have played in Plaintiff's dispute with her employer was, under her own allegations, minor. Under the Plaintiff's allegations, the state cause against him raises unusual and complex questions. The assault issues are governed by Tex. Penal Code 22.01.[5] Since there is no allegation of bodily injury or threats of imminent bodily injury to the plaintiff, only subsection (a)(3) of §22.01 could apply. What constitutes a "physical contact" under subsection (a)(3) turns on whether Etheridge knew or reasonably believed that the contacts alleged would be offensive or provocative (such as pushing or shoving), an allegation not made as to the "touching" alleged against Etheridge. These are issues which the Texas courts are best prepared to resolve, and are not necessary or even helpful to the resolution of the core disputes between Plaintiff and her former employer. Further, these are issues which could be confusing to the jury, especially on the question of what damages, if any, were inflicted by which defendant. This is the type of situation envisioned by Subsection (c) (1) and (4) of Section 1367 setting forth those situations in which Supplemental jurisdiction should be declined. Further, under subsection (c)(3), Supplemental jurisdiction may be declined if all of the federal claims are dismissed.

---

[5] §22.01(a) A person commits an offense if the person:
(1) intentionally, knowingly, or recklessly causes bodily injury to another, including the person's spouse;
(2) intentionally or knowingly threatens another with imminent bodily injury, including the person's spouse; or
(3) intentionally or knowingly causes physical contact with another when the person knows or should reasonably believe that the other will regard the contact as offensive or provocative.

The factors of judicial economy and the relationships of the parties, discussed by Judge Harmon in *Howse*, 802 F. Supp. at 1567, also indicate that abstention should be the appropriate course taken here.

## IV. ALTERNATIVELY, IF THIS COURT FINDS IT HAS JURISDICTION OVER ALL OR ANY PART OF CLAIMS ASSERTED HEREIN, ETHERIDGE WOULD SHOW THAT THE PLAINTIFF'S PLEADINGS DO NOT STATE A CAUSE OF ACTION ON WHICH RELIEF CAN BE GRANTED

### The Federal and Texas Civil Rights Claims Do Not State Claims on Which Relief Can Be Granted

The former defendant Mindy Kay filed a Rule 12 (b) (6) motion seeking to dismiss the Federal and State civil rights claims on the basis of the inadequacy of the factual allegations and failure to comply with the pleading standards established by the Federal Rules of Civil Procedure. Etheridge joins in such motion and adopts and reurges such motion here. Specifically, he contends that the allegations of his conduct towards plaintiff are conclusory and speculative, and do not give Etheridge fair notice of the grounds on which she is suing him. See *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 508 (2002) (quoting FED. R. CIV. P. 8(a)(2)) and Wright & Miller, *Federal Practice and Procedure: Civil 3d* § 1248 ("Actions brought against multiple defendants must clearly specify the claims with which each individual is charged.").

As demonstrated above, *id.* at pp. 3-5, neither Title VII nor THCRA creates a cause of action against non-employer individuals. Thus, there is no basis for asserting claims under Title VII or TCHRA against Etheridge and accordingly, to the extent that such claims were intended to be asserted against him, they do not state a cause of action upon which relief can be granted.

### The EPA Allegations Fail to State a Claim on Which Relief can be Granted

The EPA claim alleges an incorrect standard of comparison. A valid EPA claim requires an allegation that, "*within any establishment,*" the employer paid an employee less than a co-

worker of the opposite sex who performed "equal work" requiring "equal skill, effort, and responsibility," under "similar working conditions." 29 U.S.C. § 206(d)(1). Opposite-sex comparators must work jobs similar to the plaintiff's, *in the same "establishment" as the plaintiff*. Comparisons with "industry standard" wages or wages paid at other organizations are not sufficient. *See id.* § 206 (d)(1) (Clearly defining proper comparators *"within any establishment"* as those who perform equal work *"at such establishment"*); *cf. Lewis v. Am. Foreign Svc. Assoc.*, 846 F. Supp. 71, 75 (D.C. Cir. 1993) (noting, in a disparate compensation case, that legitimate, nondiscriminatory reasons exist for why an employer might pay its employees less than the "industry standard").

**WHEREFORE,** Etheridge prays that this cause be dismissed as to him, that he recover his costs of Court and have such other relief to which he is entitled.

Charles Leland Hamel
SBN: 08818000
Hamel Bowers & Clark L.L.P.
5300 Memorial Drive, Suite 900
Houston, Texas 77007
Tel: (713) 869-0557
Fax: (713) 869-0677
***ATTORNEY FOR DEFENDANT***
***R. CLAY ETHERIDGE***

OF COUNSEL:
HAMEL BOWERS & CLARK, LLP
William L. Bowers, Jr.
SBN: 00000274
5300 Memorial Dr, Suite 900
Houston, Texas 77007
Tel: (713) 869-0557
Fax: (713) 869-0677
***ATTORNEYS FOR DEFENDANT***
***R. CLAY ETHERIDGE***

## CERTIFICATE OF SERVICE

I hereby certify that on November ___30___, 2009, I caused the foregoing document to be electronically filed using the Court's CM/ECF system, and I served a courtesy copy via email to the following address:

joeahmad@azalaw.com

Charles Leland Hamel