IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| AMANDA LUCARINO, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | CIVIL ACTION NO. H-09-2548 |
| | § | |
| | § | |
| CON-DIVE, LLC, *et al.*, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND ORDER**

**I.       Background**

Amanda Lucarino sued her former employer, Con-Dive, LLC, alleging unlawful discrimination on the basis of sex under Title VII, the Texas Commission on Human Rights Act, TEX. LABOR CODE § 21.000, *et seq.*, and the Equal Pay Act, 29 U.S.C. § 206(d). Her claims include unequal pay, retaliation, *quid pro quo* sexual harassment, and hostile work environment. Lucarino also asserted a state common-law assault claim against her supervisor, R. Clay Etheridge, Con-Dive's Vice-President of International Business Development.[1] The claim against Etheridge is based on unwanted touching and sexual advances during Lucarino's employment at Con-Dive.

On March 5, 2010, this court denied Etheridge's motion to dismiss for lack of jurisdiction and failure to state a claim. (Docket Entry No. 33). Etheridge has moved for reconsideration. (Docket Entry Nos. 34, 35).[2] He does not challenge this court's holding that Lucarino stated a claim

---

[1] Lucarino originally asserted her Title VII and Equal Pay Act claims against Etheridge. She is now pursuing these claims only against Con-Dive. (*See* Docket Entry No. 31). The only claim she is asserting against Etheridge is the state common-law assault claim. (*See* Docket Entry No. 28).

[2] Etheridge's motion also sought to extend deadlines in the scheduling order. The scheduling order has since been amended. (Docket Entry No. 42). That part of the motion is moot.

against him or that this court has supplemental jurisdiction over the assault claim under 28 U.S.C. § 1367(a). Etheridge's only argument is that this court should exercise its discretion under 28 U.S.C. § 1367(c)(4) to decline supplemental jurisdiction because it would be unfair to require him to defend in federal court. (Docket Entry No. 34). Lucarino has responded. (Docket Entry No. 40).

## II. The Legal Standard

The Federal Rules of Civil Procedure do not specifically provide for motions for reconsideration. *Sheperd v. International Paper Co.*, 372 F.3d 326, 328 (5th Cir. 2004); *see also St. Paul Mercury Ins. Co. v. Fair Grounds Corp.*, 123 F.3d 336, 339 (5th Cir. 1997). Reconsideration motions are generally analyzed under the standards for a motion to alter or amend judgment under Rule 59(e) or a motion for relief from a judgment or order under Rule 60(b). *Hamilton Plaintiffs v. Williams Plaintiffs*, 147 F.3d 367, 371 n. 10 (5th Cir.1998). Rule 59(e) governs when the reconsideration motion is filed within 28 days of the challenged order or when the motion seeks reconsideration of an interlocutory order. *Steadfast Ins. Co. v. SMX 98, Inc.*, No. 06-2736, 2009 WL 3190452 (S.D. Tex. Sept. 28, 2009) (drawing the line at 10 days instead of 28 days because the case was decided before the amendments to Rule 59 took effect on December 1, 2009). The order denying the motion to dismiss was an interlocutory order, meaning that the motion falls under Rule 59(e).

A Rule 59(e) motion "calls into question the correctness of a judgment." *Templet v. Hydrochem Inc.*, 367 F.3d 473, 478-79 (5th Cir. 2004) (citing *In re TransTexas Gas Corp.*, 303 F.3d 571, 581 (5th Cir. 2002)). "A motion to alter or amend the judgment under Rule 59(e) 'must clearly establish either a manifest error of law or fact or must present newly discovered evidence' and 'cannot be used to raise arguments which could, and should, have been made before the judgment issued.'" *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 863-64 (5th Cir. 2003) (quoting *Simon v.*

2

*United States*, 891 F.2d 1154, 1159 (5th Cir.1990)). Relief is also appropriate when there has been an intervening change in the controlling law. *Schiller v. Physicians Resource Group Inc.*, 342 F.3d 563, 567 (5th Cir. 2003).

"Rule 59(e) permits a court to alter or amend a judgment, but it "'may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment.'" *Exxon Shipping Co. v. Baker*, --- U.S. ----, 128 S.Ct. 2605, 2617 n. 5 (2008) (quoting 11 CHARLES A. WRIGHT, ARTHUR R. MILLER, & MARY KAY KANE, FEDERAL PRACTICE & PROCEDURE § 2810.1, at 127-128 (2d ed.1995) (footnotes omitted)). "A motion to reconsider based on an alleged discovery of new evidence should be granted only if '(1) the facts discovered are of such a nature that they would probably change the outcome; (2) the facts alleged are actually newly discovered and could not have been discovered earlier by proper diligence; and (3) the facts are not merely cumulative or impeaching.'" *Johnson v. Diversicare Afton Oaks, LLC*, --- F.3d ----, 2010 WL537756, at *4 (5th Cir. Feb. 17, 2010) (quoting *Infusion Res., Inc. v. Minimed, Inc.*, 351 F.3d 688, 696-97 (5th Cir.2003) (citation omitted)). The Fifth Circuit warns that altering, amending, or reconsidering a judgment under Rule 59(e) is an extraordinary remedy that courts should use sparingly. *Templet*, 367 F.3d at 479; *see also* 11 WRIGHT, MILLER, & KANE § 2810.1, at 124. The Rule 59(e) standard "favors denial of motions to alter or amend a judgment." *S. Constructors Group, Inc. v. Dynalectric Co.*, 2 F.3d 606, 611 (5th Cir. 1993).

## III.    Analysis

Etheridge has not provided a basis for altering the judgment under these standards. He focuses on a narrow statement in the original opinion that "Etheridge has made no showing that it would be unfair to try the assault claim in federal court." (Docket Entry No. 33 at 7). He states that "[a] number of factors, some of which have come to light only after this case was submitted, indicate

3

that the 'fairness' issue should be revisited, and resolved in favor of Etheridge." (Docket Entry No. 34 at 1). The argument is that Con-Dive is insolvent and will not participate in the case, which will require Etheridge to defend both the claims against him and against Con-Dive or risk having the jury punish him for the evidence against Con-Dive. This argument fails because all the facts presented by Etheridge were or could have been discovered before this court decided the original motion, and because none of the evidence offered by Etheridge "would probably change the outcome." In addition, the risk Etheridge identifies can be addressed by proper instructions requested and given to the jury during the trial.

The supporting materials attached to Etheridge's reconsideration motion are: (1) a list of cases filed against Con-Dive in state and federal court between 2007 and 2009, (*Id.*, Ex. A); (2) a March 15, 2010 affidavit of David Fleming, a former Con-Dive employee, stating that Con-Dive is "only dealing with court issues and is not conducting any operations," (*Id.*, Ex. B); (3) a statement from the Texas Secretary of State that Con-Dive had forfeited its state charter as of August 7, 2009, (*Id.*, Ex. C); (4) pleadings in a state-court lawsuit containing evidence of Con-Dive's ownership status, the latest of which was dated June 26, 2009, (*Id.*, Ex. D); (5) a February 10, 2010 order from the state court permitting Con-Dive's attorneys to withdraw, (*Id.*, Ex. D-1); (6) a December 23, 2009 letter from counsel for Con-Dive in this case stating that Lucarino had given an extension to answer the complaint, (*Id.*, Ex. E); (7) a March 15, 2010 affidavit of Michael Ballard, a former Chief Operating Officer of Con-Dive, stating his belief that Con-Dive is insolvent; and (8) Mindy Kay McGilvrey's March 24, 2010 deposition by written questions and affidavit of the same date stating that Con-Dive is not an operating company and has many claims against it, (Docket Entry No. 35, Ex. A).

The record shows that the information Etheridge has presented was available or could have been obtained when he sought dismissal and before this court issued its opinion on March 5, 2010. McGilvrey's deposition on written questions was requested four days after the ruling and returned two weeks after that, along with her affidavit. The Fleming and Ballard affidavits were signed ten days after the ruling. There was ample information available to Etheridge to make his argument that Con-Dive's financial problems would prejudice him in defending this case.

Even considering this newly submitted evidence, the result is unchanged. Section 1367(c)(4) states that a court *may* decline to exercise jurisdiction "in exceptional circumstances," if there are "compelling reasons." 28 U.S.C. § 1367(c)(4). This provision is narrow because "a broad reading . . .would threaten to swallow the first three subsections of § 1367(c)." 13D CHARLES A. WRIGHT, ARTHUR R. MILLER, EDWARD H. COOPER & RICHARD D. FREER § 3567.3, at 452-53. There must be "truly compelling circumstances that militate against exercising jurisdiction." *Jones v. Ford Motor Credit Co.*, 358 F.3d 205, 215 (2d Cir. 2004). As described in the original opinion, courts have found that "exceptional circumstances" are present when presented with a "structural problem that made it extremely difficult to try the federal and state-law claims together in the federal court." (Docket Entry No. 33 at 6-7). There would be no such problem in trying this case. To the extent Etheridge is concerned that the jury will consider improper evidence at trial, that issue can be addressed by appropriate motions *in limine* and limiting instructions from the court. The risk of unfairness to Etheridge is not a sufficient basis for declining jurisdiction. Both judicial economy and Lucarino's fairness interest in litigating all her claims without having to do so in two separate lawsuits strongly weigh in favor of exercising jurisdiction.

**IV.     Conclusion**

Etheridge's motion to alter or amend the judgment is denied.

SIGNED on May 27, 2010, at Houston, Texas.

                                                Lee H. Rosenthal
                                          United States District Judge